IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**HUGH ROYAL EPPS,**

    Plaintiff,

v.                                                      Civil Action No. **3:08CV842**

**UNKNOWN,**

    Defendant.

## MEMORANDUM OPINION

Plaintiff, a federal inmate proceeding *pro se* and *in forma pauperis*, brought this civil action. Plaintiff's original complaint was captioned "FILING COMPLAINT BY PRISONERS UNDER CIVIL RIGHTS ACT 42 U.S.C. § 1983." (Compl. 1.) The complaint is reproduced in its entirety:

> United States Attorney:
> This letter is in reference to the money that the Eastern District Court seizure [sic] in the of [sic] amount of $21,839.06. The Bank of Wachovia Securities sent you a check of $21,839.06, check number [REDACTED]. At my trial the DEA Mr. Oxford stated that the Government unseize [sic] this money due to the fact that I, Hugh Royal Epps, had proved that this money wasn't from drug dealing. Enclosed is a copy of proof [of] where this $21,839.06 came from. So please if you will send this money in a check made out to Hugh Royal Epps, [ADDRESS REDACTED], or if you will send me information to determine what action that I have to do to receive this money. Thank you & may God bless.

(Compl. 1 (spelling, capitalization, and punctuation corrected).) Attached was what appeared to be the final page of a settlement agreement awarding a total of $165,000 to an unspecified claimant represented by B. Mayes Marks, Jr.

On April 3, 2009, the Court directed Plaintiff to file a particularized complaint within eleven days. On April 17, 2009, the Court received from Plaintiff a document captioned

"PARTICULARIZED COMPLAINT" that failed to comply with the Court's Order.[1] In his particularized complaint, Plaintiff appears to allege that Defendant James Oxford, a federal agent, committed perjury at Plaintiff's trial by knowingly and falsely representing that Plaintiff was part of a criminal conspiracy. Defendant Edward Carpenter is also alleged to have committed perjury at trial, as well as violating Plaintiff's rights during pretrial investigation. Defendant Hewett, in addition to committing perjury, is alleged to have sworn falsely to a search warrant. Plaintiff appears to allege that, contrary to Defendant Hewett's testimony, a gun presented in court was not found at his residence.

On May 21, 2009, the Court ordered Plaintiff to show cause, within eleven days, why this action should not be dismissed pursuant to the favorable termination requirement of *Heck v. Humphrey*, 512 U.S. 477 (1994), and its progeny. Plaintiff did not respond. The Court, however, did not dismiss the case. Instead, by Order entered July 13, 2009, the Court granted Plaintiff an additional fifteen days to comply with the May 21, 2009 Order. The Court also noted that the allegations in Plaintiff's original complaint directly contravened the Court's order of forfeiture in Plaintiff's criminal case in this Court. *United States v. Epps*, No. 3:07cr420 (E.D. Va. Jan. 7, 2009) (ordering forfeiture of approximately $21,000 in bank account seized by Chesterfield Police Department following Plaintiff's arrest). Accordingly, the Court ordered Plaintiff to file, within fifteen days of the date of entry thereof, a sworn statement recounting the allegedly false statement by Defendant Oxford, and to set forth in detail facts explaining the

---

[1] Specifically, the first paragraph does not contain a list of defendants, the body does not contain separately numbered paragraphs, and the rights allegedly violated are not set forth in a separately captioned section that identifies each individual purportedly liable and refers back to the numbered factual paragraphs in the body of the particularized complaint. (April 3, 2009 Order 2.)

2

injury that led to the settlement award from which the $21,839.06 is alleged to have come. (July 13, 2009 Order 3.) The Court admonished Plaintiff that failure to comply with the Order could lead to the imposition of sanctions.

On July 27, 2009, the Court received Plaintiff's reply. Plaintiff's reply does not comport with the July 13, 2009 Order. *See* Fed. R. Civ. P. 41(b). Plaintiff's reply is not sworn under penalty of perjury. Moreover, it does not explain in detail Agent Oxford's statement or any of the circumstances surrounding the alleged settlement. Finally, Plaintiff has failed to file a particularized complaint. This action will therefore be DISMISSED WITHOUT PREJUDICE. In the future, the Court will be less tolerant of any failure by Plaintiff to comply with its orders. The Court will also forward a copy of this Memorandum Opinion to the United States Attorney.

An appropriate Order will accompany this Memorandum Opinion.

It is so ORDERED.

/s/
James R. Spencer
Chief United States District Judge

Date: 8-31-09
Richmond, Virginia

3